# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT JONES,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No.  2:15-cv-01829-RDP-SGC |
| ) | |
| **CAPTAIN WHITE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on May 20, 2016, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  (Doc. 18).  The report and recommendation advised Plaintiff of his right to submit specific written objections within fourteen days.  (*Id.*).

On June 1, 2016, the court received an untitled document which appeared to constitute Plaintiff's response to the report and recommendation, but which was unsigned, in violation of Rule 11 of the *Federal Rules of Civil Procedure*.  (Doc. 19).  Accordingly, on June 3, 2016, the magistrate judge ordered Plaintiff to submit a signed copy of the document within fourteen days.  (Doc. 20).  The order advised Plaintiff that failure to comply would lead to the pleading being stricken.  (*Id.*).

Plaintiff failed to comply with the magistrate judge's order to submit signed objections, but instead filed a pleading which the Clerk docketed as a Notice of Voluntary Dismissal. (Doc. 21).[1] Although Rule 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action at any time prior to an opposing party's service of an answer or motion for summary judgment, the rule also provides that voluntary dismissal is subject to "any applicable federal statute." Here, because Plaintiff is a prisoner, this action is subject to the Prison Litigation Reform Act (PLRA), which includes a provision known informally as the three strikes rule. That rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[2]

In this instance, Plaintiff submitted the notice after the magistrate judge conducted the pre-screening process pursuant to § 1915A and recommended dismissal of this action for failure to state a claim. Under such circumstances,

---

[1] In the document, Plaintiff asks if he can "just drop the charges." (Doc. 21). However, the document, while unclear, also seems to indicate that Plaintiff wishes to proceed with this matter.

[2] The Supreme Court has recognized that this and other provisions of the PLRA were enacted by Congress to "discourage prisoners from filing claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596-97 (1998).

courts have recognized that a prisoner may not circumvent the three strikes rule by moving to voluntarily dismiss an action after receiving an unfavorable report and recommendation. *See Franklin v. Scott*, 2012 WL 4742814, at *1 (N.D. Fla. Oct. 4, 2012) ("[The] plaintiff endeavors to interrupt the PLRA-mandated screening process prior to accruing a strike for filing a legally insufficient complaint, thereby circumventing § 1915(g)'s three strikes provision. . . . [T]he PLRA does not permit this type of gamesmanship."). Accordingly, "allowing a prisoner to voluntarily dismiss a complaint … after screening has been completed [would] allow prisoners to frustrate Congress's intent behind enacting the PLRA." *Leigh v. Doe #1*, 2016 WL 146226, at *2 (N.D. Ala. Jan. 13, 2016) (quoting *Stone v. Smith*, 2009 WL 368620, at *1 (S.D. Ga. Feb. 13, 2009)).  Therefore, to the extent Plaintiff's notice (Doc. 21) can be construed as a motion to dismiss this action voluntarily pursuant to Rule 41(a), the motion is **DENIED**.

Turning to the magistrate judge's report and recommendation, the undersigned has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation.[3]  Based on this review, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be

---

[3] Plaintiff's unsigned response (Doc. 19) is **STRICKEN** pursuant to Rule 11(a) of the *Federal Rules of Civil Procedure*.

3

dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** this July 7, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE